Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4425 | **DATE** | 9/22/2011 |
| **CASE TITLE** | Rock vs. Ruddy, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff Rock's petition to proceed in forma pauperis [9] is granted. Based on the Court's initial screening of the Complaint, Count I is dismissed with prejudice, and all claims against Defendant Kucharz are dismissed with prejudice. Plaintiff Rock may go forward with Counts II and III, but Plaintiff Thompson is stricken from the case and must appear on her own behalf or through an attorney if she wishes to participate in the case.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Beverly Thompson and Robert Bindy Rock bring the instant complaint against Gregory Ruddy, Mary J. Kucharz, and the City of Joliet. Plaintiffs allege violations of their civil rights and malicious prosecution in connection with a dispute over fill located on property currently owned by Rock and formerly owned by Thompson. Rock has filed a petition to proceed *in forma pauperis*.

According to the Complaint and supplemental materials submitted with it, the City of Joliet in 2006 filed four ordinance violations against Thompson in the Twelfth Judicial Circuit. Thompson was accused of illegally placing fill on her property without a permit, causing runoff onto an adjacent property. In a bench trial, she was convicted of three ordinance violations and ordered to remove all fill from her property. The trial court's order purported to bind Rock as the current owner of the property. The Third District Appellate Court reversed, finding that the existence of fill on the property predated the city's annexation of the property, and so was a legal non-conforming use.

Plaintiffs allege that Ruddy, a civil engineer for the City of Joliet, and Kucharz, an assistant corporation counsel for the city, initiated the prosecution as a cover-up for the City's unauthorized installation of a drainage ditch on the property. They seek to recover for a civil rights conspiracy, malicious prosecution under state law, and against the City for allegedly having policies and customs that violated their constitutional rights.

As a preliminary matter, the Court must screen the Complaint to determine whether it is frivolous, deficient on its face, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The complaint does not appear frivolous, and contains sufficient factual detail to put Defendants on notice of the claims. However, a cursory review of the Complaint reveals that it is deficient in some respects.

| STATEMENT |
|---|

As an initial matter, Rock appears to be pursuing this case both on his own behalf and on behalf of Thompson. *Pro se* litigants may not proceed on behalf of another person. *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). If Thompson wishes to appear in this case, she must do so on her own behalf or through an attorney.

Next, Count I of the complaint alleges a civil rights conspiracy under 42 U.S.C. § 1985(3) based on "socio-economic class animus" toward Thompson and Rock. Animus based on economic status is not a valid basis for a Section 1985 conspiracy. *Rodgers v. Lincoln Towing Serv. Inc.*, 771 F.2d 194, 203 (7th Cir. 1985); *see Bieros v. Nicola*, 851 F. Supp. 683, 687 (E.D. Pa. 1994) (noting that indigents do not fall within the protection of Section 1985). So Count I is be dismissed with prejudice.

Count II of the Complaint alleges malicious prosecution under state law. To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) the defendant commenced or continued an original criminal or civil judicial proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Johnson v. Schnucks Inc.*, 2011 WL 1403467, at *2 (S.D. Ill. 2011). Rock sufficiently alleges these facts.

Count III of the Complaint is a *Monell* claim alleging that the City failed to properly supervise and control Ruddy and Kucharz, and as such allowed them to violate the constitutional rights or "economic[ally] distressed citizens." In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff may recover under a *Monell* theory only if he can show that the governmental entity's policy or custom inflicted a constitutional injury upon him. *Johnson v. City of Joliet*, 2006 WL 1793574, at *4 (N.D. Ill. 2006) (citing *Monell v. Depot of Soc. Serves. of the City of N.Y.*, 436 U.S. 658 (1978)).

Rock's theory appears to be that the City's customs and policies resulted in unequal treatment of low-income residents and violated his right to equal protection under the Fourteenth Amendment. The Court notes that poverty is not a suspect classification. *Harris v. McRae,* 448 U.S. 297, 323 (1980). However, if Rock could show that the City had a policy or custom of treating indigent citizens differently based on their economic status, and acted with no rational justification, he could prevail on this claim. As such, the Court will allow it to go forward, at least for now, and will exercise supplemental jurisdiction over Count II, Plaintiff's state law malicious prosecution claim.

However, the Court notes that Kucharz is entitled to absolute immunity for her decision to file an ordinance violation, and the allegation that she conspired to file unwarranted ordinance violations against Thompson and Rock does not affect this analysis. *See Johnson*, 2006 WL 1793574, at *5 (N.D. Ill. June 27, 2006). Kucharz is not subject to liability even if she lacked probable cause to file the ordinance violations, and the Complaint does not allege any activity by Kucharz that falls outside her prosecutorial duties. For this reason, the claims against her are dismissed with prejudice. The case may proceed against the remaining defendants.

Rock seeks leave to proceed *in forma pauperis*. His affidavit indicates that he has not worked since 1989 and has no source of income. The Court accepts these allegations and finds that Plaintiff meets the required showing of indigency, but reminds Plaintiff that if his allegations of poverty are shown to be false, the case may be dismissed with prejudice. *See Mathis v. New York Life Ins.*, 133 F.3d 546, 547-48 (7th Cir. 1998).

| STATEMENT |
|---|
| For the reasons stated herein, Defendant Kucharz is dismissed from the case. Count I is dismissed with prejudice. Plaintiff Rock may go forward with Counts II and III, but Plaintiff Thompson is stricken from the case and must appear on her own behalf or through an attorney if she wishes to participate in the case. |