# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4425 | **DATE** | 2/24/2012 |
| **CASE TITLE** | Thompson vs. Ruddy | | |

**DOCKET ENTRY TEXT**

Plaintiff Thompson's *in forma pauperis* application is **GRANTED**. The motions by Plaintiffs Thompson and Rock for appointment of counsel is **DENIED without prejudice.**

As there was some confusion as to briefing dates, the court notes that Defendants, if they wish, may file by 2/29/12 a reply to the Plaintiff's answer to the motion to dismiss. The oral ruling date of 3/14/2012 remains intact.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Thompson's *in forma pauperis* application [Dkt No. 25] is **GRANTED**.

Both Plaintiffs, Rock and Thompson, have also applied for appointment of counsel. [Dkt. Nos. 24, 26]

A request for appointment for counsel is entirely discretionary, but must always be evaluated on an individual basis grounded in the Court's judgment rather than a standard response or inclination. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). While there is no mandated formula for considering requests for counsel, three factors are typically taken into consideration: (1) Whether the indigent party has made "reasonable efforts to retain counsel," (2) the difficulty of the case weighted against to the indigent party's competency to litigate the case and (3) if a plaintiff does not appear competent, whether the presence of counsel would conceivably make a difference to the outcome of the case. *Id.* In *pro se* cases, there may be few facts on which to base competency, but the court is to evaluate it in light of whatever relevant evidence is available. *Id*. at 655. This evaluation may be revisited at the discretion of the court as the case progresses, or new information arrives to inform the Court. *Id.* at 658.

Here, Plaintiffs have represented they tried to obtain counsel through the Illinois Bar Association, Chicago Bar Association and one private attorney in Joliet. This effort is moderate, but far from thorough.

As to the competence of the Plaintiffs, the Court has little to go on but the documents they have filed. The complaint, as *pro se* complaints go, was only fair, but the Plaintiffs' response to Defendants' Motion to Dismiss allegation that Plaintiffs' documents were ghost-written, was very deft, at least on that topic. It displayed at least a level of minimum competency.

As to whether a lawyer would make a difference, that is very hard to gauge at this early stage, and the Court

| STATEMENT |
|---|
| does not wish to pre-judge the merits of this case.

Accordingly, weighing all factors, the Court at this time denies the motion to appoint counsel, finding Plaintiffs have not engaged in exhaustive exploration of opportunities for representation and that they are reasonably competent to handle the motion to dismiss, which in any event they have already filed. However, *Pruitt* allows for later re-evaluation should circumstances warrant, so the motion is **denied without prejudice.** |