# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4425 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Beverly Thompson, *et al.* vs. Gregory P. Ruddy, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants Motion to Dismiss is granted in part and denied in part. Count 2 of Plaintiffs' Complaint insofar as it is being brought by Plaintiff Rock is dismissed. The remainder of the Motion to Dismiss is denied. Status hearing set for 7/19/2012 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

According to the Complaint, the Defendants caused four ordinance violations to be filed against the Plaintiff, Thompson, for allegedly placing fill on her property without a permit causing runoff on to neighboring property. At a bench trial she was convicted of three of the citations. The Third District Appellate Court reversed because the fill had been placed on the property prior to its annexation to the City of Joliet, making it a legal non-conforming use. The Plaintiffs, Thompson and Rock, the current owner of the property, filed a Complaint against Ruddy, a civil engineer employed by the City of Joliet, and Kucharz, the assistant corporation counsel who initiated the Complaint, alleging a civil rights conspiracy in Count I, a complaint for malicious prosecution in Count II, and a *Monell* claim against the City of Joliet on Count III. The Court. on its own Motion, dismissed Count I but allowed the remaining two counts to remain. The Court on its own also dismissed the Defendant Kucharz, as immune. The remaining Defendants have filed a Motion to Dismiss.

The Motion is somewhat hazy in that it does not specify what it exactly seeks to have dismissed. However, it is clear that since the ordinance violation complaints were against Thompson and not against Plaintiff Rock, he could not have been the victim of a malicious prosecution. Accordingly, the Court dismisses Count II as it pertains to Plaintiff Rock. The other basis for dismissal as set forth in the Motion is an allegation that someone other than the *pro se* plaintiffs provided them "with substantial behind the scenes legal assistance," and as a result the Complaint must be dismissed. The Defendants cite *Blue v. State of Illinois*, 585 N.E.2d 625, 626 (Ill. App. 2nd Dist. 1992). However Defendants misread *Blue*. What *Blue* holds is that an non-lawyer may not file a Complaint on behalf of another individual, and a pleading "signed by a person who is not licensed to practice law in this State is a nullity . . ." However the Complaint was signed by both Plaintiffs in their individual capacity, not by another person on their behalf. Therefore, this aspect of the Motion is denied.

In sum, Count 2 insofar as it is being brought by Plaintiff Rock is dismissed. The remainder of the Motion is denied.