# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY THOMPSON, ROBERT ("BINDY") ROCK,<br><br>        Plaintiffs,<br><br>        v.<br><br>GREGORY P. RUDDY, *et al.*,<br><br>        Defendants. | Case No. 11 C 4425<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

The Plaintiffs, Beverly Thompson (hereinafter, "Plaintiff" or "Thompson") and Robert ("Bindy") Rock ("Rock"), real estate owners, filed a Complaint against Gregory P. Ruddy ("Ruddy"), the Public Works Administrator of the City of Joliet, Mary J. Kucharz ("Kucharz"), City Attorney, and the City of Joliet (the "City"). The Complaint alleges that the three Defendants conspired against the Plaintiffs and maliciously prosecuted them in violation of their rights in connection with a dispute over the placement of fill on Plaintiffs' property. They allege that the actions taken against them were caused by custom, policy, and practice of the City of Joliet to provide unequal treatment to low income residents. Procedurally, the Court dismissed Count I, conspiracy, and all claims against Kucharz on September 22, 2011. On June 28,

2012, the Court dismissed Count II as it pertained to Rock as he did not own the property at the relative time period. The remaining Counts are a state law claim for malicious prosecution and a Section 1983 claim against the City based on *Monell*.

The Defendants have moved for summary judgment on both claims and has filed a Local Rule 56.1 Statement of Material Facts. The Plaintiff instead of filing a response admitting or denying the facts asserted, filed a response that admits certain facts and takes no position on the remaining facts, claiming that she had insufficient time to conduct discovery. The Plaintiff did, however, file a statement of Additional Facts. Despite Plaintiff's claim of insufficient time to conduct discovery, the record shows that her Complaint was filed more than three and one/half years ago and has been at issue since August 2012. The record further shows that the Defendants filed Motion for Summary Judgment on November 8, 2012 and the Court ordered Plaintiff to file a response brief by December 5, 2012. On December 5, 2012, the Court extended Plaintiff additional time until January 4, 2013. On January 4, 2013, the Court extended the date for Plaintiff's response brief to March 11, 2013. On March 14, 2013, the Court again extended the due date to April 30, 2013. On May 9, 2013, the Plaintiff moved for more time but failed to appear in support of her Motion so it was denied. However, on May 23, 2013, the Court did grant Plaintiff more time until June 24, 2013. On June 19, 2013 the

Court extended the due date to July 24, 2013. The court set a ruling date for August 29, 2013. On that date the Plaintiff failed to appear but did file a "Re-Notice of Motion." The Court granted Plaintiff an extension to September 12, 2013. On that date, Plaintiff did file a response to the Statement of Material Facts and a Statement of Additional Facts. The record further shows that Defendants did serve Plaintiff with the required Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment as required by local rule. The record further shows that the Plaintiff did conduct some discovery. She took the deposition of Ruddy. The Court therefore declines to accept Plaintiff's contention that she had insufficient time to conduct discovery. At best, the record shows that the Plaintiff was incredibly dilatory. This not an excuse that is contemplated by Federal Rule of Civil Procedure 56 (d). *Wright, Miller, Kane, Federal practice and Procedure,* Chapter 8, Section 2741. The Court therefore accepts as true the facts set forth in Defendants' Local Rule 56.1 Statement. However, the Court will also consider Plaintiff's additional facts filed pursuant to the local rule.

**II. DISCUSSION**

**A. Count II - Malicious Prosecution**

Illinois law requires a plaintiff suing for malicious prosecution to show (1) the commencement or continuance of a

criminal proceeding by the defendant; (2) termination in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) presence of malice; and (5) damages to plaintiff resulting from the commencement or continuation of that proceeding. *Bernhardt v. Remiyac,* 565 N.E.2d 1049, 1051 (Ill.App.2d 1991). The evidence from the respective Rule 56 Statements shows that the Ruddy in 2003, after receiving complaints from neighbors of Plaintiff about flooding of their property, investigated and observed that a large amount of fill had been deposited on Plaintiff's property causing water runoff. He believed the runoff had been caused by loss of a substantial amount of depression storage on Plaintiff's property. Two years later he received another complaint from a neighbor of Plaintiff to the same effect. Ruddy investigated and discovered that Thompson owned the property. He observed the same conditions as before but also noticed the presence of landscape waste, containers, and rubbish on the site. As a result, he sent a letter to Plaintiff requesting that the site be restored to its prior condition and all illegally placed fill be removed. He received no response from Plaintiff and the material was not removed.

Based on the lack of response, Ruddy contacted the City of Joliet Legal Department. Proceedings were initiated by the filing of a civil complaint against Plaintiff alleging ordinance violations. Eventually the ordinance violations case went to trial with Ruddy testifying for the City. The trial judge found the

Plaintiff guilty of three of four counts.  The Plaintiff appealed and the Appellate Court for the Third District reversed based on its conclusion that the evidence had not shown that the waste had been deposited after the property was annexed to the City of Joliet, and thus its presence was a non-conforming use and not illegal.

It is obvious that, based on the evidence before the Court on the Summary Judgment Motion, that there is no evidence of malice.  First, Ruddy observed a situation that clearly was in violation of the City of Joliet Ordinance if the property was in the City, and it was at the time he requested legal enforcement.  Second, the trial judge found the Plaintiff guilty.  Third, there is no evidence that Ruddy was aware of the fact that the property was not in Joliet at the time of the depositing of fill.  In fact, Ruddy notified Plaintiff of the problem and she did not respond.  She would be on firmer grounds if she had responded by telling Ruddy that the deposits were made before the annexation but she remained silent.  There is no argument that if the deposits were made after annexation that there would have been grounds for the complaints.  Fourth, Ruddy turned the matter over to the City of Joliet Legal Department who made the decision to file the complaints.  Since there is no malice, there can be no malicious prosecution.  Therefore, the Motion for Summary Judgement on Count II for malicious prosecution is granted.

### B. Count III - *Monell*

The *sine qua non* of a *Monell* claim is that there is a constitutional violation that causes damages to a plaintiff. Plaintiff's claim is that as a matter of policy the City of Joliet treats indigent citizens differently based on their economic status. There are a number of problems with this claim. First, economic status is not a suspect classification although if the City did without rational justification treat indigents less favorably that non indigents, there might be some possible claim. Second, Plaintiff has not established in any way shape or form that she is indigent. All we know is that she is a property owner. Second, there is no evidence that the City of Joliet refuses to issue citations to non-indigents who similarly pile debris on their property creating a watershed problem. Thus, even if we assume Plaintiff was indigent, she had not shown that she was treated in a discriminatory fashion. Accordingly, summary judgment is granted on the *Monell* claim, Count III.

### C. Plaintiff's Motion for Sanctions

The Plaintiff also filed a Motion for Sanctions contending that the Defendants were not cooperating in discovery. The record shows, however, that Ruddy did show for his deposition but that Plaintiff had not made arrangements for a notary public or a court reporter to take the deposition. Consequently, there is no basis for sanctions. The Motion is denied.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is granted in favor of Defendant Ruddy on Count II, and in favor of the City of Joliet on Count III. Plaintiff's Motion for Sanctions is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Date:3/25/2014